JUDGE LEISURE

498-07/MEU/LJK
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
HANJIN SHIPPING CO. LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

07 CIV 8792

Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HANJIN SHIPPING CO. LTD.,

         Plaintiff,

07-Civ-

 - against –

**VERIFIED COMPLAINT**

COMPANIA TRANSATLANTICA ESPANOLA,
S.A., and NAVIERA DEL ODIEL S.A.,

         Defendants.
-------------------------------------------------------------x

  Plaintiff HANJIN SHIPPING CO. LTD. (hereinafter "HANJIN"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants COMPANIA TRANSATLANTICA ESPANOLA, S.A. (hereinafter "CTE") and NAVIERA DEL ODIEL S.A. ("ODIEL") alleges upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action

NYDOCS1/291619.1

arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, HANJIN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80 East Route 4, Suite 990, Paramus, NJ 07652.

3. At all times relevant hereto, Defendant CTE was and still is a foreign business entity existing under the laws of a foreign country with an office and place of business at Tercera Place, Jose Abascal 58, Madrid 28003, Spain.

4. At all times relevant hereto, Defendant ODIEL was and still is a foreign business entity existing under the laws of a foreign country, also with an office and place of business at Tercera Place, Jose Abascal 58, Madrid 28003, Spain.

5. HANJIN, as disponent owner,[1] entered into a maritime contract of charter party with CTE, as charterer, dated December 14, 2005 for the charter of the M.V. GREAT RIVER for a period of about 40/45 days without guarantee.

6. The charter party required charterer CTE to obtain and pay for bunkers (fuel and lubricating oils for the vessel), and during the time period of the charter, bunkers were arranged for the vessel, but in breach of its charter party obligation, CTE did not pay the purchase price in full. In order to ensure that the vessel could continue to trade, HANJIN settled the difference and paid $100,000 for bunkers, even though the responsibility for such payment was with CTE. The payment by HANJIN was without prejudice to its right to seek recovery for this payment from CTE.

---

[1] HANJIN was not the actual owner of the vessel, but instead chartered it from another entity.

7. At or about the time of the completion of the charter, HANJIN issued to CTE a final statement of account, and CTE admitted that it owed $17,923.25 for amounts due under the charter. Despite admitting that such amounts were due and payable, though, CTE refused or otherwise failed to pay same, in breach of its obligations under the charter party.

8. The charter party between the parties provided for the resolution of disputes by arbitration at London, England, with English law to apply. A copy of the charter party, which contains the written agreement to arbitrate at clauses 45 and 88, is annexed hereto as Exhibit A.

9. By reason of CTE's breaches of the charter party, as set forth above, and its continued failure to pay amounts due, HANJIN demanded arbitration pursuant to the charter party provisions requiring same.

10. Arbitration was held and an award was issued in favor of HANJIN and against CTE as follows:

    a. Awarding HANJIN $100,000 in respect of the bunkers claim together with compound interest thereon calculated with three monthly rests at the rate of 6.5% p.a. from March 3, 2007 until paid;

    b. Awarding HANJIN $17,923.25 in respect to the claim based on the final accounting claim, together with compound interest thereon calculated with three monthly rests at the rate of 6% p.a. from March 15, 2006 until paid;

    c. Awarding HANJIN the costs of the arbitration amounting to £1,375 (equivalent to $2,807.78) together with compound interest thereon calculated with three monthly rests at the rate of 7% p.a. from the date of payment by HANJIN (April 26, 2007) until the date paid by CTE.

11. After obtaining this award, HANJIN received no response from CTE regarding either payment or resolution by agreement of awardable costs, and HANJIN applied for and received a further costs award (concerning legal fees and disbursements recoverable under English law and the rules of arbitration) and was awarded the following:

   a. CTE is to pay HANJIN the sum of £12,065.14 (equivalent to $24,635.10) together with compound interest thereon calculated with three monthly rests at the rate of 7.5% p.a. from April 2, 2007 until paid;

   b. CTE is also to pay HANJIN the costs of the further award of £820 (equivalent to $1,674.49) together with compound interest thereon calculated with three monthly rests at the rate of 7.5 % p.a. from the date of payment by HANJIN (August 16, 2007) until the date paid by CTE.

12. Both awards are final and unappealable and presently capable of being enforced.

13. Both awards were notarized and apostilled and served on CTE in Spain (where CTE is based). Certified copies of these two awards are attached hereto as Exhibit B.

14. Despite due demand, however, CTE has refused or otherwise failed to pay the amounts due.

15. There is no legitimate basis at all for CTE to not pay the awards. CTE's refusal or other failure to pay the awards is willful, vexatious, contumacious and in complete and utter bad faith.

16. The awards should be entered as a judgment of this Court and this Court should also award HANJIN its costs and attorneys fees incurred here in attempting to collect on the awards by reason of CTE's bad faith refusal to pay.

17. Upon information and belief, Defendant CTE and Defendant ODIEL are alter egos of one another and share offices, officers, directors, shareholders, employees and/or commingle funds, or that one entity so dominates and controls the other that their separate corporate identities have been lost and that they function as a single entity and should be held accountable for the debts of one another, and/or Defendants CTE and ODIEL operated as a single entity for the purpose of defrauding creditors, including but not limited to Plaintiff HANJIN.

18. In particular, CTE and ODIEL operate out of the same address in Madrid, set forth above. Additionally, the Managing Director of both CTE and ODIEL is Mr. Francisco Javier Villasante Ortiz. Further, ODIEL has on multiple occasions made payments for and on behalf of CTE, and has guaranteed payments for and on behalf of CTE, and has even issued promissory notes to secure existing debts of CTE, all without any discernable commercial basis, which is an indication that these companies do not observe corporate formalities or operate at arm's length. ODIEL owns approximately 99% of CTE, and when ODIEL purchased ships recently, it transferred ownership of these vessels to CTE, without any apparent benefit to ODIEL, which ships were subsequently thereafter sold by CTE to another entity, again without any apparent benefit to ODIEL. Also, we note that the defendants' websites link to one another and that CTE's website in particular shows its offices as being the same as ODIEL's.

19. Upon information and belief, Defendant CTE is the agent of Defendant ODIEL and is in the business of handling, sending and receiving the property of Defendant ODIEL.

20. Upon information and belief, Defendant ODIEL is the agent of Defendant CTE and is in the business of handling, sending and receiving the property of Defendant CTE.

21. In all, the claim for which HANJIN sues in this action, as near as presently may be estimated, totals **$155,027.07**, no part of which has been paid by CTE, though duly demanded.

HANJIN specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum be insufficient to fully secure HANJIN.

22. Upon information and belief, and after investigation, Defendants CTE and ODIEL cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, from, or for the benefit of Defendants CTE and/or ODIEL, or both of them (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein. Plaintiff is also informed that CTE is currently chartering two vessels, the M/V CANARIA and the M/V FERNANDO M. PEREDA, and is responsible under the relevant charters for paying for bunkers, operating expenses and port fees. Accordingly, any payments made (whether or not in the name of CTE for bunkers, operating expenses or port fees in connection with either of these vessels should also be considered among the ASSETS of CTE and subject to restraint.

**WHEREFORE**, Plaintiff HANJIN prays:

a. That process in due form of law according to the practice of this Court issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against them jointly and severally in the principal amount of $155,027.07 plus interest, costs and attorneys fees;

b. That since Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants, up to and including the sum of **$155,027.07**, be restrained and attached, including but not limited to any cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of, belonging to, due to, from, or for the benefit of Defendants (collectively "ASSETS"), including but not limited to any payments made, whether or not in the name(s) of the Defendants, or either of them, for bunkers, operating expenses or port fees paid in connection with the M/V CANARIA and/or the M/V FERNANDO M. PEREDA, including but not limited to such "ASSETS" as may be held, received or transferred in their own names or as may be held, received or transferred for their benefit (or for the benefit of either) at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c. That this Court enter judgment on the arbitral awards pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and also retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d. For such other, further and different relief as this Court may deem just and proper in the premises, including but not limited to an award of attorneys fees incurred in this action as a result of the bad faith refusal or failure to pay on the arbitral awards rendered against CTE.

Dated: New York, New York
       October 10, 2007

                      FREEHILL HOGAN & MAHAR, LLP
                      Attorneys for Plaintiff
                      HANJIN SHIPPING CO. LTD.

By: _____
       Michael E. Unger (MU 0045)
       Lawrence J. Kahn (LK 5215)
       80 Pine Street
       New York, NY  10005
       (212) 425-1900
       (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York     )
                      ) ss.:
County of New York  )

      LAWRENCE J. KAHN, being duly sworn, deposes and says as follows:

    1.    I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

    2.    The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

    3.    The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Lawrence J. Kahn

Sworn to before me this
10th day of October, 2007

_____
Notary Public

GLORIA J. REGIS HOSEIN
Notary Public, State of New York
No. 01RE6065625, Qualified in Kings County
Certificate Filed in New York County
Commission Expires October 22, 2009